UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK DEVEREUX, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:09CV1764 CDP |
| | ) |
| DOUG SHULMAN, Commissioner, | ) |
| Internal Revenue Service, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

Patrick and Karen Devereux bring this lawsuit *pro se*, seeking to reverse a decision of the Internal Revenue Service. Plaintiffs owed the IRS back taxes, interest, and penalties that had accrued over a period of four years. They asked the IRS to abate the interest and penalties but the IRS declined to do so. Plaintiffs argue that an abatement should have been granted because IRS employees gave them incorrect oral advice when they were attempting to pay their obligations. Defendant argues that I should dismiss the action because I do not have subject-matter jurisdiction over plaintiffs' claims, and, alternatively, because plaintiffs have failed to state a claim upon which relief may be granted. Because the Tax Court is the exclusive forum for the review of IRS determinations of abatement

claims, and because plaintiffs have not established that this court has jurisdiction over their claims, I will grant defendant's motion to dismiss.

**Background**

Patrick and Karen Devereux failed to timely pay their federal income taxes in 2002, 2003, 2004, and 2005. On July 7, 2006, they called the IRS to attempt to pay their outstanding obligations. According to plaintiffs, an IRS employee advised them that the IRS would enter into an agreement giving plaintiffs 120 days to pay their obligations, including the entire tax, penalties, and interest, in full. The IRS employee told plaintiffs that they would have to pay $131,175.52 by November 6, 2006. Plaintiffs paid $90,000 on September 1, 2006 and $20,000 on October 17, 2006. Based on the balance given to them over the phone, plaintiffs, on November 3, 2006, went to an IRS office to pay the remaining $21,175.52. At that time, plaintiffs allege that a different IRS employee told them that the actual remaining balance was more than $35,000. After consulting with another IRS employee over the phone – who suggested to plaintiffs that their liabilities would be settled if they wrote a letter requesting abatement and paid $20,000 – on November 14, 2006, plaintiffs sent a letter to the IRS requesting abatement, along with a check for $20,000. After the three payments, the total paid by plaintiffs to the IRS was $130,000.

On November 14, 2006, plaintiffs sent a letter to the IRS asking that it abate the "remaining penalties and interest associated with Form 1040 for the tax years 2004 and 2005." Plaintiffs allege that the IRS granted a partial abatement of penalties, but denied most of their request for relief. Plaintiffs attached to their complaint a letter from the IRS, allegedly sent in response to that request, dated February 5, 2009. That letter refers to a claim received on January 8, 2009. The letter denies a claim for "removal of interest" for tax years 2002-2005, and states that "Interest is charged by law and cannot be abated." The letter further states that, if plaintiffs "wish to bring suit or proceedings for the recovery of any moneys for which this disallowance notice is issued, [they] may do so by filing such suit with the United States District Court having jurisdiction, or the United States Court of Claims." Based on these facts, plaintiffs filed suit in this court, seeking an abatement of interest and penalties, claiming that this court has jurisdiction under 26 U.S.C. § 6404(e).

**<u>Discussion</u>**

Defendant has moved to dismiss the complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The purpose of a 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset

rather than deferring it until trial." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). For a court to dismiss a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1), a defendant must successfully challenge the complaint either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, as here, all factual allegations relating to jurisdiction are presumed true, and the motion may only succeed if the plaintiff has failed to allege an element necessary for subject-matter jurisdiction. *Id*. As an alternative basis for dismissal, defendant moves to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). To avoid dismissal for failure to state a claim, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level," not merely "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, defendant makes two arguments for dismissal: (1) that this court does not have jurisdiction because the Tax Court is the exclusive forum for judicial

review of the Commissioner's refusal to abate interest under 26 U.S.C. § 6404; and, (2) alternatively, that plaintiffs have failed to state a claim because they did not allege that they relied on written advice of the IRS, as required for relief under § 6404(f). Plaintiffs disagree, claiming that this court has jurisdiction over this matter under 26 U.S.C. § 6404(e) because the United States of America is a party, and because they were advised in a letter from the IRS, that if they wished to bring suit, such suit must be brought in a United States District Court. Plaintiffs further argue that they do not need to allege a reliance on written advice because they are alleging that IRS officials made an unreasonable error under § 6404(e), and are not relying on the written advice provisions of § 6404(f).

I. Plaintiffs' Claim for Abatement of Interest Under 26 U.S.C. § 6404(e)

This court does not have jurisdiction over plaintiffs' claim for review of the Commissioner's denial of abatement under 26 U.S.C. § 6404(e). In *Hinck v. United States*, the Supreme Court held that the Tax Court is the exclusive forum for judicial review of the Commissioner's refusal to abate interest. 550 U.S. 501 (2007). Under Section 6404(e) of the Internal Revenue Code, the Secretary of the Treasury is allowed to abate (or forgive) interest that has accrued on unpaid federal income taxes during non-payment, "if the assessment of interest on a deficiency is attributable to unreasonable error or delay on the part of the IRS."

*Hinck*, 550 U.S. at 502-03. Section 6404(h) allows for judicial review of the decision not to grant such relief. *Id*. at 503. However, the Tax Court is the exclusive forum for judicial review of a refusal to abate interest under Section 6404. *Id*. Because the Tax Court is the exclusive forum for judicial review of this claim, I lack subject-matter jurisdiction over it, and it will be dismissed, without prejudice.

II.  Plaintiffs' Claim for Relief From Penalties Under 26 U.S.C. § 6651

It appears from the complaint and attached exhibits that plaintiffs are seeking, not only an abatement of interest, but also relief from penalties under 26 U.S.C. § 6651. Under that section, relief from penalties may be given where "it is shown that [the] failure [to pay taxes] is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). However, a request for such relief in a district court "must be preceded by payment of the penalties and submission of a duly filed refund claim to the IRS." *United States v. Ripa*, 323 F.3d 73, 85 (2d Cir. 2003) (Taxpayer was required first to seek relief from penalties assessed on unpaid taxes through payment of penalties and submission of refund claim to IRS, and to seek abatement of unpaid interest through application for relief to Secretary of the Treasury.). To initially challenge a tax assessment by the IRS, the taxpayer must first pay in full and then ask the IRS for a refund. *Ranzini v. Comm'r of*

*Internal Revenue*, No. 92-4351 (MLP), 1994 WL 317476, at *1 (D.N.J. Feb. 18, 1994); 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . . ."). If the claim made for a refund is disallowed by the IRS, the taxpayer may then file a claim with the appropriate district court. *Ranzini*, 1994 WL 317476, at *1. This distinction is made clear in the IRS letter plaintiffs attached to their complaint, which advises plaintiffs that they may file suit in a district court "for the recovery of moneys," which assumes that plaintiffs are asking to recover money, and have asked the IRS for a refund.

Here, plaintiffs have not alleged that they paid the full amount assessed by the IRS. Instead, plaintiffs allege that they paid $130,000 instead of the $131,175.52 which they were told they had to pay by November, 2006. Further, plaintiffs have not alleged or shown that they have filed a refund action with the IRS, as required by 26 U.S.C. § 7422(a). Even if plaintiffs' complaint is construed as an action under 26 U.S.C. § 6651 for an abatement of penalites, plaintiffs have not shown that they have complied with the necessary prerequisites to suit.

Because, under 26 U.S.C. § 7422(a), no suit for the recovery of penalties may be maintained in any court without first filing for a refund with the IRS, plaintiffs cannot maintain this action here.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#2] is granted.

A separate judgment in accordance with this memorandum in order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2010.